IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,571-01






EX PARTE JAMES EDWARD MCGRUDER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2004-110 IN THE 22ND DISTRICT COURT


FROM COMAL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm and sentenced to sixty years' imprisonment. The Third Court of Appeals
affirmed his conviction. McGruder v. State, No. 03-04-00265-CR (Tex. App.-Austin, delivered
December 2, 2004, pet. ref'd). 

 On September 12, 2007, we remanded this application and directed the trial court to make
findings of fact on whether trial counsel rendered ineffective assistance because he described
Applicant as a felon during closing arguments and because he failed to request instructions on
mistake and necessity and to object when the State improperly impeached Elizabeth Rocke. On
remand, the trial court recommended that we deny but made findings only on counsel's failure to
object to the State's impeachment of Rocke. We believe the trial court should also make findings
on whether counsel was ineffective for describing Applicant as a felon and for not requesting
instructions on mistake and necessity. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may provide trial counsel with a further opportunity to respond to Applicant's claims. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and if the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 19, 2008

Do not publish